FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV 20 PM 12: 02

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARTIN FRANCISCO SALAZAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 112-145 |
| ) | |
| HOSTMARK d/b/a PARTRIDGE INN, ) | |
| ) | |
| Defendant. ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on October 31, 2012, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 9.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen. (Doc. no. 10.)

## I. BACKGROUND

Liberally construing Plaintiff's amended complaint,[1] the Court finds the following. Plaintiff alleges that he was extended an "official offer" for employment at Defendant's place of business by Defendant's "agent," Mr. Todd Medert. (Id. at 2.) Plaintiff alleges that sometime thereafter, upon learning from "Plaintiff's former employer" that Plaintiff "had filed a disability claim," Mr. Medert verbally withdrew the job offer. (Id.) Based on those allegations, Plaintiff argues that Defendant "did willingly and knowingly violate the Plaintiff's constitutional rights thereof." (Id.) Specifically, Plaintiff alleges that Defendant has acted with "purposeful and continuing discrimination against [him] based on race/national origin in violation of Title VII;" that Defendant has repeatedly violated his due process rights; that Defendant has violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"); that Defendant acted in violation of their "agreement/contract;" that Defendant engaged in slander and libel against Plaintiff that caused irreparable damage to his professional reputation; that Defendant "intentionally and purposefully" inflicted emotional distress upon Plaintiff and "intefer[ed] with [his] marital relations;" and that Defendant acted in "clear retaliation" against him in violation of Title VII. (Id. at 3-4.) As relief, Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and whatever further relief the Court deems appropriate.

---

[1] Notably, Plaintiff's amended complaint appears to be simply a slightly rearranged version of his original complaint with the addition of a markedly brief paragraph alleging the facts set forth herein. (See generally doc. no. 10.) Moreover, Plaintiff failed to use the standard form for employment discrimination complaints that was attached to the Court's October 31st Order. (See doc. no. 9, p. 4.) Finally, although Plaintiff was directed to re-submit his right to sue letter from the EEOC along with his amended complaint (doc. no. 9, p. 5), he failed to do so.

2

(Id. at 5.)

Plaintiff first submitted his claims to the Equal Employment Opportunity Commission ("EEOC"), which was unable to conclude that the information Plaintiff submitted established a violation of the statutes. (Doc. no. 1-1.) After receiving his EEOC right to sue letter – which, as noted above, he failed to attach to his amended complaint – Plaintiff then timely filed the above-captioned case.

## II. DISCUSSION

### A. Failure to State a Claim for Disparate Treatment Under Title VII

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all inferences to be derived from the facts alleged, the Court finds that, to the extent that Plaintiff attempts to assert such a claim, the amended complaint fails to state a claim for disparate treatment under Title VII.

As the Court specifically explained to Plaintiff in the Order directing him to amend his complaint (doc. no. 9, p. 3), to state a claim for disparate treatment based on race under Title VII, a plaintiff must show: (1) that he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006) (citing EEOC v. Joe's Stone Crab Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)).[2]

---

[2]The Court is aware that Plaintiff is not required to plead his discrimination claim with heightened specificity. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 550 U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" (quoting Bell

3

Here, the only prong that Plaintiff might have *arguably* satisfied is the prong concerning subjection to an adverse employment action, based on his being extended a job offer that was eventually withdrawn. See Thampi v. Manatee Cnty. Bd. of Comm'rs, 2009 WL 3762088, at *15 (M.D. Fla. Nov. 9, 2009) (recognizing a withdrawn job offer as a possible adverse employment action). Although he alleges in a notably conclusory manner that the offer was withdrawn for discriminatory reasons, Plaintiff fails to make any allegations whatsoever relating to the remaining three prongs: he does not identify a protected class to which he belongs, does not suggest that Defendant treated similarly situated employees outside of that unidentified protected class more favorably than he was treated, and does not allege that he was qualified to do the job in question. Accordingly, Plaintiff fails to state a Title VII claim for discrimination based on disparate treatment.

### B. Failure to State a Claim for Discrimination Under the ADA

Plaintiff also fails to state a claim for disability discrimination under the ADA. When asserting such a claim, a plaintiff must show: (1) that he has a disability; (2) that he is a qualified individual; and (3) that he was subjected to unlawful discrimination because of his disability. Morisky v. Broward County, 80 F.3d 455, 447 (11th Cir. 1996). Here, Plaintiff has failed to satisfy any of the three prongs. First, although he alleges that Defendant withdrew the job offer based on his filing a disability claim against his previous employer, he has not alleged that he actually has a disability, nor has he explained what that disability might be. Next, per the second prong, Plaintiff fails to allege that he is an individual otherwise qualified for the job. Finally, given that he has not shown that he even *has* a

---

Atl. Corp., 550 U.S at 557)).

4

disability, Plaintiff also fails to show that he has been subjected to any sort of unlawful discrimination as a result of that disability. Thus, Plaintiff fails to state a claim for disability discrimination under the ADA.

C.   **Failure to State a Claim for Retaliation**

Next, Plaintiff fails to state a claim for retaliation under either Title VII or the ADA. "To establish prima facie case of retaliation under Title VII, 'the plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relation between the two events.'" Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (quoting Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994)). "Statutorily protected expression" refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment. See 42 U.S.C. § 2000e-3(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). Notably, a plaintiff must make a showing of the same elements to establish a prima facie case of retaliation under the ADA. See Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). As with Title VII, "statutorily protected expression" in the context of a claim for retaliation under the ADA refers to an expression in opposition to any act or practice made unlawful by the ADA. Id.

Here, although Plaintiff asserts that he is bringing a claim for retaliation under Title VII, he does not allege that he engaged in any of the sort of statutorily protected expression contemplated by Title VII. Burlington N. & Santa Fe Ry. Co. at 68. He does not, for instance, allege that he ever filed an internal complaint concerning racial discrimination or

sexual harassment. To the extent that Plaintiff attempts to assert a claim for retaliation under the ADA based on his alleged filing of a "disability claim" against a previous employer, that allegation is simply too vague and conclusory to support the retaliation claim that Plaintiff attempts to assert. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (holding that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Here, Plaintiff has provided virtually no background information in support of his bare-bones assertion that Defendant retaliated against him by withdrawing an offer of employment: he does not, for instance, provide any information whatsoever concerning the "disability claim" that he allegedly filed against his former employer, nor does he provide any information concerning the terms of the job offer extended by Defendant.[3] (See generally doc. no. 10.) Thus, Plaintiff's complaint fails to state a claim for retaliation under either Title VII or the ADA.

### D. Failure to State a Claim Under the ADEA or the Due Process Clause

Although Plaintiff mentions in his complaint both the ADEA and his due process rights, he fails to state a claim pursuant to either of those authorities. To support a claim for age discrimination under the ADEA, Plaintiff must establish a *prima facie* case of discrimination, which he may do by showing: "(1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subjected to adverse

---

[3]In fact, despite the five-page length of Plaintiff's amended complaint, the factual content relating to his claims is remarkably confined to a single sentence. (See doc. no. 10, p. 2.)

6

employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998). Here, as with his Title VII disparate treatment claim, the only claim that Plaintiff has *arguably* satisifed – or even addressed – is the prong concerning subjection to an adverse employment action. Outside of his isolated recitation of the title of the statute, Plaintiff does not allege that he has been the victim of discrimination based on his age, nor does he provide the Court with any indication as to what his age even is. (See doc. no. 10, p. 4.) Thus, Plaintiff has failed to state a claim under the ADEA based on age discrimination.

As to Plaintiff's due process claim, the Due Process Clause of the Fourteenth Amendment is intended to "provide a guarantee of fair procedure in connection with any deprivation of life, liberty, or property by a State." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992). Here, Plaintiff provides no explanation in support of his vague and essentially context-free assertion that Defendant "intentionally and repeatedly violat[ed] [his] due process rights." Plaintiff does not attempt to offer a statutory basis for his attempted due process claim, nor point to specific procedures or due process guarantees that he feels were violated, nor even allege that Defendant is somehow a state actor capable of violating constitutional due process rights. Thus, Plaintiff has also failed to state a claim under the Due Process Clause for an alleged violation of his due process rights.

### E. State Law Claims

As noted above, Plaintiff has failed to state a federal claim for discrimination or retaliation against the Defendant named in this action. Plaintiff's other claims, breach of contract, intentional infliction of emotional distress, slander, and libel, arise under the

Official Code of Georgia ("O.C.G.A.") and are thus properly classified as state law claims.[4] (Id. at 4.)

This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3).[5]

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

---

[4]Plaintiff's assertion of "interference with marital relations" does not state a recognizable claim in the state of Georgia. See O.C.G.A. § 51-1-17 (abolishing a right of action for alienation of affections).

[5]Moreover, Plaintiff has not alleged that his citizenship is diverse from the citizenship of Defendant (*i.e.*, citizens of different states) or that the amount in controversy exceeds $75,000 for purposes of 28 U.S.C. § 1332. Without diversity of citizenship or the requisite amount in controversy, his state law claims are not actionable in this Court. See 28 U.S.C. 1332; see also Federated Mut. Ins. Co. V. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Circ. 2003) ("Federal courts are courts of limited jurisdiction.").

8

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims arguably serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE