IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARTIN FRANCISCO SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-145 |
| | ) | |
| HOSTMARK d/b/a PARTRIDGE INN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 13). In his amended complaint, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, attempted to raise claims alleging employment discrimination and retaliation. (See doc. no. 10.) Because he is proceeding *in forma pauperis*, Plaintiff's amended complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii), and the Magistrate Judge recommended that Plaintiff's case be dismissed for failure to state a claim for employment discrimination or retaliation based on disability, age, or race pursuant to Title VII, the Americans with Disabilities Act, or the Age Discrimination in Employment Act. (See generally doc. no. 11.) Although Plaintiff's objections are without merit and thus do not warrant an in-depth discussion, the Court will briefly address their shortcomings on a general level.

Plaintiff devotes the majority of his lengthy objections, which are rife with incorrect propositions concerning legal procedures and standards, to arguing in a markedly conclusory and unsupported manner that the Magistrate Judge erred in his analysis of Plaintiff's amended complaint. (See doc. no. 13, pp. 1-5.) In doing so, Plaintiff appears to argue – incorrectly – that he need not advance any sort of factual background in order to ensure that his complaint survives the screening process, and he makes continual reference to motions that have not been filed in this case, including, for instance, a rule Rule 12(b)(6) motion to dismiss (id. at 3) and a motion for summary judgment (id. at 5). Moreover, and most importantly, Plaintiff makes absolutely no effort to proffer any additional information concerning his claims, and in fact, as noted, seems to argue that he need not do so, either because his Equal Employment Opportunity Commission right to sue letter provides that information, or because Plaintiff has already provided it himself in his amended complaint. (Id. at 6.) Neither argument is availing.

In sum, Plaintiff's objections provide no grounds for departure from the Magistrate Judge's recommendation that his complaint be dismissed. Any objections not specifically addressed in this Order are likewise without merit and do not warrant further discussion. Accordingly, Plaintiff's objections are **OVERRULED**,[1] and the Report and

---

[1] The Court additionally notes that Plaintiff's request for the recusal of the Magistrate Judge based on Plaintiff not having "knowingly consented to a Magistrate Judge" is misguided. (Doc. no. 13, p. 7.) Pursuant to Loc. R. 72.3(a), Magistrate Judges are authorized to hear certain matters without the need for consent and to subsequently issue reports and recommendations to the District Judge concerning the same. Loc. R. 72.3(b)

2

Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted; as explained in the Report and Recommendation, Plaintiff's state law claims are **DISMISSED** without prejudice; and this civil action is **CLOSED**.

SO ORDERED this _10th_ day of December, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

then provides the opportunity for any party to file written objections to the Magistrate Judge's reports and recommendations, as Plaintiff has done here. That is, absent the consent of the parties, a Magistrate Judge does not have the authority to rule on dispositive matters; rather, a Magistrate Judge issues reports and recommendations which may be adopted, modified, or rejected by the presiding District Judge. See 28 U.S.C. § 636; see also Loc. R. 72.3. The decision to dismiss a case is always ultimately made by a District Judge, not a Magistrate Judge. In sum, and especially in consideration of the fact that Plaintiff has failed to comply in any way with the requirements of 28 U.S.C. § 144 – which establishes that a party seeking recusal of a judge must submit a signed affidavit stating the factual basis for an alleged bias on the part of the judge per 28 U.S.C. § 455, as well as a certificate of counsel of record – Plaintiff has fallen far short of demonstrating that Judge Barfield should recuse himself from this case.